UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW T. HAVENS, on his own behalf, and on behalf of a class of similarly situated individuals,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S. I.,<br><br>      Defendant. | CASE NO. _____<br>(Removal from: Missouri Circuit Court, Greene County, Case No. 2031-CC00863) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant American Family Mutual Insurance Company, S.I. ("American Family") removes this putative class action to the United States District Court for the Western District of Missouri.[1] The matter is Case No. 2031-CC00863 in the Circuit Court of Greene County, Missouri. As grounds for removal, American Family states:

1. On July 17, 2020, plaintiff Andrew T. Havens ("Plaintiff") filed a single plaintiff lawsuit against American Family in the Circuit Court of Greene County, Missouri, captioned *Andrew T. Havens v. American Family*, Case Number 2031-CC00863.

2. On January 16, 2023, after this case was pending in state court for more than two years, Plaintiff filed a Motion for Leave to File Amended Petition and Strike Trial Setting

---

[1] American Family notes that two other putative class actions with similar allegations against American Family were removed to the United States District Court for the Western District of Missouri on January 5, 2023 and have been assigned to the Honorable Stephen R. Bough, United States District Judge. *See Varney v. American Family*, No. 2:23-cv-04004-SRB (W.D. Mo.), and *Hirsch v. American Family*, No. 2:23-cv-04005-SRB (W.D. Mo.).

US.355862945.02

("Motion to Amend"), seeking to amend his petition to include class allegations for the first time. On January 19, 2023, American Family filed an objection in opposition to the Motion to Amend.

3. After a hearing, the state court granted the Motion to Amend and ordered that the "Amended Petition attached as exhibit is considered filed this date" on January 24, 2023. *See* **Exhibit 1**, January 24, 2023 Docket Entry Order Granting Motion to Amend.

4. The Amended Petition (the "Petition") was deemed filed on January 24, 2023. *Id*. Accordingly, this Notice of Removal is timely filed within 30 days of that date, as required by 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b)(3) (permitting removal at any time "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."); *see also Reece v. Bank of New York Mellon*, 760 F.3d 771, 776 (8th Cir. 2014) ("Regardless of how federal jurisdiction over a class action arises, § 1453(b) unambiguously provides that the one-year removal limit in § 1446(c)(1) does not apply.").

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in this action are attached as **Exhibit 2** to this notice of removal.

6. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1453 because American Family satisfies the procedural requirements for removal and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**JURISDICTION EXISTS UNDER THE CLASS ACTION FAIRNESS ACT**

7. The Court has subject matter jurisdiction over this putative class action pursuant to 28 U.S.C. § 1332(d) of the Class Action Fairness Act ("CAFA") because: (1) there are 100 or more members in Plaintiff's proposed class, (2) at least one member of the proposed class has a different citizenship from American Family, and (3) the amount in controversy for the

claims of the proposed class members exceeds $5 million in the aggregate. A class action includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure," including Missouri Rules of Civil Procedure 52.08. *See* 28 U.S.C. § 1332(d)(1)(B).

### I. Plaintiff Alleges That the Proposed Class Has More Than 100 Members

8. One of the jurisdictional requirements under CAFA is that the proposed class contain at least 100 class members. 28 U.S.C. § 1332(d)(5)(B). "[T]he term 'class member' means the persons (named or unnamed) who fall within the definition of the proposed class in a class action." 28 U.S.C. § 1332(d)(1)(D).

9. A defendant may rely on the plaintiff's allegations to establish the pre-requisites for removal. *See, e.g., Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012). Plaintiff alleges in paragraph 31 of the Petition that "thousands of people geographically dispersed across Missouri have been damaged by Defendant's actions." (Ex. 2, Pet. ¶ 31.)

10. Additionally, based on an initial review of its records, American Family believes there are at least several thousand property claims in Missouri that fit within Plaintiff's class definition, including its temporal limitations.

11. Therefore, the number of class members satisfies the requirement of 28 U.S.C. § 1332(d)(5)(B).

### II. Minimal Diversity Exists

12. CAFA also requires minimal diversity, meaning at least one member of the proposed class must be a citizen of a state different from one of the defendants. 28 U.S.C. § 1332(d)(2)(A).

13. Citizenship is determined as of the filing of the complaint. *See* 28 U.S.C. §

1332(d)(7) ("Citizenship of the members of the proposed plaintiff class shall be determined . . . as of the date of filing of the complaint or amended complaint . . . indicating the existence of Federal jurisdiction.").

14.     At the time he filed the Petition, Plaintiff alleged that he was domiciled in Missouri and is therefore a citizen of the State of Missouri for diversity jurisdiction purposes. (Ex. 2, Pet. ¶ 1.)

15.     For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any state by which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Moore's Federal Practice* 3D §102.50.

16.     Plaintiff correctly allege that American Family is "a foreign insurance company" in Missouri (Ex. 2, Pet. ¶ 2.) American Family is incorporated under the laws of Wisconsin and its principal place of business is in Wisconsin. Thus, American Family is a citizen of Wisconsin.[2]

17.     Therefore, there is minimal diversity among the parties, satisfying the requirement of 28 U.S.C. § 1332(d)(2)(A).

### III.     CAFA's Amount-In-Controversy Requirement Is Satisfied

18.     Finally, CAFA requires that the aggregate amount in controversy, exclusive of interest and costs, exceed $5 million. 28 U.S.C. §§ 1332(d)(2) & 1332(d)(6). While American Family disputes that Plaintiff has a viable claim, that damages may be owed, or that the proposed class may be certified, the aggregate amount in controversy satisfies this requirement. *Pirozzi v.*

---

[2] The "direct action" exception for certain suits against insurance companies does not apply here because that exception "refers to a suit in which the plaintiff sues a wrongdoer's liability insurer without joining or first obtaining a judgment against the insured." *Russell v. Liberty Ins. Underwriters, Inc.*, 950 F.3d 997, 1002 (8th Cir. 2020) (quotations omitted); *see* 28 U.S.C. § 1332(c)(1).

*Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) ("When the notice of removal plausibly alleges that the class might recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal quotations and citation omitted).

19. Plaintiff's Petition alleges that American Family breached property insurance policies it issued to policyholders in Missouri by applying depreciation to the entire value of damaged property, including the value contributed by labor, when calculating the actual cash value ("ACV") payments it made to those policyholders. (Ex. 2, Pet. ¶¶ 13-16.) Based on these allegations, Plaintiff asserts claims on his own behalf and on behalf of a putative class for breach of contract (Count I) and vexation refusal (Count II).

20. More specifically, Plaintiff alleges that he was insured under an insurance policy issued by American Family that insured the structure located at 2157 E. Walnut, Springfield, Missouri, 65802 under the terms, conditions, exclusions, definitions, and limitations of the policy of insurance. (Ex. 2, Pet. ¶¶ 5-6.) He alleges that American Family "depreciated the amount payable to Plaintiff for materials and labor by $7,420.91, resulting in an actual cash value ("ACV") payment of $33,007.67 – less certain other deductions." (Ex. 2, Pet. ¶ 13.)

21. Plaintiff further alleges that members of a putative class suffered damages because their ACV payments should have included additional amounts that American Family deducted based on its depreciation practices. (Ex. 2, Pet. ¶¶ 29, 46, 48.) The putative class is defined as follows:

> All persons who received ACV payments, directly or indirectly, from American Family for physical loss or damage to their dwelling or other structures, such dwelling or other structures located in Missouri, such payments arising from losses that occurred at any

5

US.355862945.02

Case 6:23-cv-03061-SRB    Document 1    Filed 02/23/23    Page 5 of 9

time between July 17, 2010 and the date of class certification, where the cost of labor was depreciated.

(Ex. 2, Pet. ¶ 30.)[3]

22. As noted above, based on American Family's initial review of its records, it believes there are thousands of policyholders with insurance policies who made a structural damage claim for property located in Missouri for which American Family accepted coverage and on which non-material depreciation was deducted.

23. Plaintiff alleges that the depreciation amount subtracted from his repair cost estimate was $7,420.91. (Ex. 2, Pet. ¶ 13.) If this is a typical amount,[4] and the total number of claims is multiplied by that alleged amount of damages, a mere 674 claims would be sufficient to satisfy the jurisdictional minimum.[5] Thus, given that both Plaintiff and American Family believe that thousands of claims fall within the proposed class definition, the total amount in controversy with respect to Plaintiff's alleged class damages easily exceeds the $5 million threshold under CAFA.

24. American Family's initial review of its claims data for Plaintiff's proposed class

---

[3] American Family expressly reserves all rights to dispute the appropriateness of Plaintiff's proposed class definition, including the class period alleged and whether Plaintiff has asserted timely claims against American Family.

[4] American Family does not concede that these depreciation amounts or Plaintiff's claimed damages are typical among any proposed class of policyholders, but it accepts Plaintiff's allegations for purposes of the removal analysis. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014) (noting that plaintiffs' amount-in-controversy allegations are to be accepted when made in good faith). American Family further expressly reserves all rights to assert any and all available defenses and does not waive any of its defenses on account of the allegations set forth in this Notice of Removal.

[5] In other words, if the average value of the named Plaintiff's claim is $7,421, it would only take 674 claims to exceed the jurisdictional minimum of $5,000,000 ($7,421 x 674 = $5,001,754). Here, Plaintiff alleges there have been the "thousands" of people "damaged by Defendant's actions." (Ex. 2, Pet. ¶ 31.)

period further confirms that aggregate class damages, if they could be proven, would exceed the jurisdictional minimum of $5 million under Plaintiff's proposed class definition.

25. Plaintiff and the proposed class further seek "interest" and "statutory penalty and damages . . . and their reasonable attorney's fees as provided under RSMo. §§ 375.296 and 375.420." (Ex. 2, Pet. ¶ 58.)

26. Federal courts consider attorney fees in assessing the aggregate amount in controversy. *See, e.g.*, *Pirozzi*, 938 F.3d at 983 (considering punitive damages and attorneys' fees when determining amount in controversy exceeded $5 million). While American Family denies that Plaintiff or the putative class would be entitled to any attorney's fees in this lawsuit, American Family notes that such relief would have an unknown financial impact beyond the compensatory damages above, which further confirms the amount in controversy exceeds the jurisdictional minimum of $5 million.

27. As demonstrated by Plaintiff's allegations and American Family's allegations above, the $5 million amount-in-controversy requirement is satisfied here.

**THE LOCAL-CONTROVERSY AND OTHER EXCEPTIONS ARE INAPPLICABLE HERE**

28. CAFA is subject to several jurisdictional exceptions. See 28 U.S.C. § 1332(d). This action does not fall within any of them.

29. CAFA has a local-controversy exception which states that a district court "shall decline to exercise jurisdiction" where two-thirds or more of the members of the proposed plaintiff class **and the defendant are** citizens of the State in which the class action was originally filed. 28 U.S.C. § 1332(d)(4) (emphasis added). Additionally, district courts have discretion under the local-controversy exception not to exercise jurisdiction under CAFA when between one-third and two-thirds of the class members *and* the primary defendants are citizens of the state

in which the action was originally filed. *Id*. § 1332(d)(3).

30. The local-controversy exception is not applicable here. American Family is not a citizen of Missouri, the jurisdiction where the action was originally filed.

31. American Family is not a state, state official, or governmental entity. Thus, the exception in 28 U.S.C. § 1332(d)(5)(A) does not apply.

32. Finally, this case does not involve claims concerning securities or internal corporate affairs, so the exceptions in 28 U.S.C. § 1332(d)(9) do not apply.

## REMOVAL IS PROCEDURALLY PROPER

33. As noted above, American Family filed this Notice of Removal within 30 days after Plaintiff was permitted to file an amended petition to add class allegations on January 24, 2023, making the removal timely.

34. No other statute prohibits removal of this action.

35. Venue is proper because the Circuit Court of Greene County, Missouri, is located in the Western District of Missouri.

36. American Family will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of Greene County, Missouri, and serve a copy on counsel for Plaintiff.

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction to hear this case. Defendant, thus, have properly removed the underlying action to this Court.

WHEREFORE, American Family hereby removes this action from the Circuit Court of Greene County, Missouri, to the United States District Court for the Western District of Missouri, Southern Division.

Dated: February 23, 2023

Respectfully submitted,

<div style="display: flex;">

<div>

*s/ Philip C. Graham*
Philip C. Graham #40345
Natalie J. Kussart #59622 (*pro hac vice forthcoming*)
SANDBERG PHOENIX & VON GONTARD, P.C.
600 Washington Avenue - 15th Floor
St. Louis, MO 63101
Tel: (314) 231-3332
pgraham@sandbergphoenix.com
nkussart@sandbergphoenix.com

</div>

<div>

Larry E. LaTarte (*pro hac vice forthcoming*)
Aaron D. Van Oort (*pro hac vice forthcoming*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel: (612) 766-7000
larry.latarte@faegredrinker.com
aaron.vanoort@faegredrinker.com

Matthew R. Elliott (*pro hac vice forthcoming*)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N Meridian Street, Suite 2500
Indianapolis, IN 46204
Tel: (317) 237-0300
matthew.elliott@faegredrinker.com

Stephanie A. Koltookian (*pro hac vice forthcoming*)
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue
Des Moines IA 50309-8003
Tel: (515) 248-9000
stephanie.koltookian@faegredrinker.com

</div>

</div>

*Attorneys for American Family Mutual Insurance Company, S.I.*